UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 09-13693

    Paul D. Borman
    United States District Judge

MUHAMMAD SHAHAB, et. al,

    Defendants.
_____/

ORDER STRIKING DEFENDANT FAMILY ALLIANCE HOME HEALTHCARE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND REQUIRING DEFENDANT FAMILY ALLIANCE HOME HEALTHCARE, LLC TO RETAIN COUNSEL OR RISK ENTRY OF A DEFAULT

On September 3, 2014, Arif Waheed filed an Answer to Plaintiff's Complaint on behalf of Defendant Family Alliance Home Healthcare, LLC, a Michigan limited liability corporation. (ECF No. 97). However, nothing in the record indicates that Mr. Waheed is a licensed attorney which is a prerequisite to represent a limited liability corporation in federal court.

The law has been well settled for the "better part of two centuries" that a corporation may appear in federal courts only through licensed counsel and not through the *pro se* representation of an officer, agent, or shareholder. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-03 (1993) (Recognizing that federal law requires that "corporations, partnerships, or associations" or any "artificial entity" must appear in court only through counsel."); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("[T]he rule of this circuit is that a corporation cannot appear in federal court except through an attorney."). This rule also applies to limited liability corporations. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a

hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney." (internal citation omitted)); *see also Van Lokeren v. City of Grosse Pointe Park, Mich.*, 2014 WL 988965 (E.D. Mich. March 13, 2014) (adopting the reasoning of *Lattanzio* in holding that plaintiff limited liability corporation may only appear in federal court through a licensed attorney); *Barrette Outdoor Living, Inc. v. Mich. Resin Representatives, LLC,* No. 11-13335, 2013 WL 1799858, at * 7 (E.D. Mich. Apr. 5, 2013) (Report and Recommendation adopted by 2013 WL 1800356 (E.D. Mich. Apr. 29, 2013) (recognizing that the rule that a corporation cannot litigate in federal court *pro se* "also applies to limited liability corporations."); *Taitt v. Secretary, Dept. Of Treas.*, No. 09-12576, 2010 WL 1541495, * 3 (E.D. Mich. Mar. 10, 2010) (*Report and Recommendation adopted by* 2010 WL 1541491 (E.D. Mich. Apr. 19, 2010) (relying on *Lattanzio* and granting defendant's motion to dismiss finding that *pro se* plaintiff could not bring claims on behalf of a limited liability corporation despite claiming to be a partner in the same); *Dalmayer v. State of Mich.*, No. 08-12784, 2009 WL 224586 (E.D. Mich. Jan. 29, 2009) (adopting Report and Recommendation holding that the plaintiff limited liability corporations were "artificial business entities" and therefore must be represented in federal court by counsel.); *see also WB Music Corp. v. Port City Cruise Line, Inc*., No. 09-742, 2009 WL 3066663, at * 1 n.1 (W.D. Mich., Sept. 22, 2009) (relying upon *Lattanzio* and finding same.).

Accordingly, where there is nothing in the record indicating that Mr. Waheed can properly represent Defendant Family Alliance Home Healthcare, LLC, the Court shall:

(1)   STRIKE the September 3, 2014 Answer filed by Mr. Waheed from the docket;

(2)   ORDER that Defendant Family Alliance Home Healthcare, LLC retain counsel and file and serve an Answer or otherwise respond to Plaintiff's complaint within THIRTY (30) DAYS

of this Order or risk an entry of default judgment.

IT IS SO ORDERED.

                                                  s/Paul D. Borman  
                                                  PAUL D. BORMAN  
                                                  UNITED STATES DISTRICT JUDGE

Dated: November 10, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 10, 2014.

                                                s/Deborah Tofil  
                                                Case Manager