UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
RUQIAYAH MADANY & JOHN B. COLLINS,

        Plaintiffs,

v.

PAUL M. PETRE, M.D., et al.,

        Defendants.
_____/

Case No. 09-13693

Paul D. Borman
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

OPINION AND ORDER DENYING DEFENDANT PAUL M. PETRE'S OBJECTIONS (ECF NO. 165) AND DENYING PAUL M. PETRE'S MOTION FOR A STAY OF THE PROCEEDINGS (ECF NO. 120)

      Now before the Court is Defendant Paul M. Petre, M.D.'s Objections to Magistrate Judge Michael Hluchaniuk's Order dated January 16, 2015. (ECF No. 165, Objections). The pertinent order denied Defendant Petre's Motion for Evidentiary Hearing and Stay of Proceedings (ECF No. 158, Order). The United States filed a Response to Defendant Petre's Objections on February 19, 2015. (ECF No. 171).

      This *qui tam* action was filed in September 2009 by realtors John B. Collins and Ruqiayah Madany against several defendants including Muhammad Shahab. (ECF No. 1). The Plaintiffs allege claims under the False Claims Act and other civil causes of action and assert that defendants were part of a scheme in which home health care agencies paid physicians, marketers, and patients kickbacks to receive Medicare reimbursements, and also falsified certifications and patient visit notes in order to secure repayment through Medicare. This scheme was allegedly run by Muhammad Shahab who owned or operated the home health care

agencies involved. The United States intervened in part in this case on April 17, 2014. (ECF No. 41). On April 30, 2014, the Court ordered that the original complaint, its order, the United States' election to intervene, and all papers after that date be unsealed. (ECF No. 43). The United States then filed its complaint on May 14, 2014. (ECF No. 44).

In the present civil action, Defendant Petre is alleged to have written prescriptions for controlled substances to induce individuals to participate in home health care despite the fact those individuals did not need home health care. (ECF No. 44, Compl. ¶¶ 79-97). Pertinent to the present objections, Defendant Petre was not prosecuted in the previous criminal case related to this civil action against Muhammad Shahab and other coconspirators involving the aforementioned home health care fraud. *See United States v. Muhammad Shahab, et al.*, No. 10-20014. However, Defendant Petre was charged in a separate criminal case that involved fraud by multiple pharmacies owned by Babubhai Patel ("Patel matter"). (*United States v. D-1 Babubhai Patel, D-2 Paul Petre, et al.*, No. 11-20468, ECF No. 445, Plea Agreement).

In October 2014, Defendant Petre moved for an evidentiary hearing and to stay the proceedings in this civil action, as to himself only, arguing that he had pending criminal charges against him in the Patel matter and there was a potential for further criminal charges based on answers he would be expected to give during discovery in this action. The United States opposed to the motion to stay and contended generally that there was little chance it would prosecute Defendant Petre on any statements he would make in this case, and regardless, Defendant Petre could assert his Fifth Amendment privilege if it was warranted. The United States noted that there was only a small overlap between the individuals for whom Defendant Petre wrote prescriptions who filled those prescriptions at Patel-owned pharmacies and the

2

individuals he referred to Shahab-owned home health agencies (*i.e.*, there are 18 individuals covered by the present civil complaint who filled prescriptions at Patel-owned pharmacies). (ECF No. 121, United States' Resp., Ex. 2 at ¶ 7). The United States also noted that Defendant Petre had failed to set forth any evidence of any ongoing criminal investigation regarding his actions as alleged in the civil complaint. A hearing on this issue was held before the Magistrate Judge on January 7, 2015.

In his Order denying Defendant Petre's request for a stay and for the requested evidentiary hearing, the Magistrate Judge observed that Defendant Petre had pleaded guilty to several offenses in the Patel Matter and was sentenced to a three year term of incarceration on January 7, 2015. (*United States v. D-1 Patel, D-2 Petre, et al.*, Case no. 11-20468, ECF No. 1365, Jan. 12, 2015, Judgment). The Magistrate Judge also noted that the United States had "affirmatively and unequivocally stated during the hearing that defendant would not be criminally prosecuted" based on any events alleged in the civil complaint in this action and there was only a theoretical possibility of some criminal consequences. (Order, at 3-6). The Magistrate Judge noted that in determining whether to grant a stay in a civil case based on a possible criminal case, a court must analyze certain factors: (1) the extent of overlap between the cases; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiffs in proceeding quickly versus the prejudice to defendants; (4) the private interests of the defendants and the burden on the defendants; (5) the interests of the courts; and (6) the public interest. (Order, at 3, citing *Springsteen v. Garrett*, No. 11-11743, 2012 WL 368276, *1 (E.D. Mich. 2012) (Duggan, J.)). The Magistrate Judge then analyzed each factor and determined that all weighed in favor of denying the requested stay. (*Id*. at 3, 5-

7). The Magistrate Judge also concluded that there was nothing in the pleadings or arguments that warranted an evidentiary hearing on the issue. (*Id*. at 7).

This Court cannot reverse a magistrate judge's opinion on a non-dispositive matter unless that decision was "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). The United States Supreme Court and the Sixth Circuit have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir 2992) (quoting *U.S. Gypsum Co.*). This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *See Anderson v. City of Bessemer City., N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc*., 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)). Therefore, the reviewing court must employ "independent judgment with respect to the magistrate judge's conclusions of law." *Id*.

In the present case, Defendant Petre objects to the Magistrate Judge's denial of his request for a stay and argues that the Magistrate Judge was mistaken in finding that the United States represented "unequivocally" that Defendant Petre would not be criminally prosecuted on the events alleged in the civil complaint. (Obj., at 6). Rather, Defendant Petre maintains that the

United States merely equivocated on the issue and therefore this Court should grant Defendant Petre a stay in this action until the United States "officially" declines to criminally prosecute Defendant Petre by either granting him immunity or allowing the statute of limitations to expire.[1] (*Id*. at 7). Defendant Petre also argues that the United States failed to "articulate any *specific* prejudice which would be occasioned" by granting the requested stay and Defendant Petre's rights regarding self-incrimination are so paramount that they justify any delay in these proceedings. (*Id*.) (emphasis in original).

To the extent that the Magistrate Judge misinterpreted the United States' representations regarding the possibility of future criminal prosecution based on Defendant Petre's alleged activities as set forth in the civil complaint, the Court finds there is no error. The United States clarified in its response that it did not and could not "provide Petre with immunity and cannot guarantee that some other authority or office, for example the State of Michigan, will not prosecute him", and again explained that there is "no current criminal investigation of Petre arising out of the Shahab home health fraud" and the Criminal Health Care Fraud Unit and the U.S. Department of Justice Criminal Strike Force do not have "any plans to prosecute Petre for this fraud." (ECF No. 171, U.S. Resp., at 3). Significantly, the Magistrate Judge's decision was not premised on these representations made by the United States during oral argument. Rather, the Magistrate Judge observed that the Patel matter had concluded[2] and Defendant Petre had

---

[1] The United States notes that the frauds to which Defendant Petre was involved in continued at least until 2011 and therefore the criminal statute of limitations would likely expire at some point in 2016. (U.S. Resp., at 2, citing *United States v. D-2 Petre, et al*., Case no. 11-20468, ECF No. 445, Plea Agreement).

[2] Defendant Petre did not appeal from his conviction in the Patel matter.

5

failed to offer any evidence that a criminal investigation was pending against him regarding any part of the civil complaint. The Magistrate Judge noted that a pending indictment creates the strongest case for a stay in a parallel civil case and a denial based on this fact alone would be justified. (Order, at 3-4). Additionally, the Magistrate Judge went on to examine and weigh all of the pertinent factors regarding whether a stay was justified and found none of them weighed in Defendant Petre's favor.

 Here, Defendant Petre has not come forth with any evidence or argument that he is currently being investigated in relation to the civil complaint or that he is involved in any parallel or companion prosecution. In fact, the time to appeal his criminal judgment in the Patel matter has long past. Moreover, Defendant Petre has also failed to set forth any case law wherein the theoretical possibility of a criminal consequence justified a stay in a pending civil matter. *See Chao v. Fleming*, 498 F. Supp.2d 1034, 1038-39 (W.D. Mich. 2007) ("[T]he fact that a defendant has not been indicted generally weights against a stay and may, by itself, provide a sufficient basis for denying a stay." (citing *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 811 F. Supp. 802, 805 (E.D.N.Y. 1992) (collecting cases)). In summary, the Magistrate Judge's conclusion that "[t]he record contains nothing from which a reasonable inference can be drawn that defendant [Petre] is under a criminal investigation" remains true. (Order, at 4). Accordingly, Defendant Petre's objection based on the Magistrate Judge's reliance on the United States' representations during oral argument is denied.

 Defendant Petre's argument that his stay should be granted because the United States failed to set forth a specific prejudice that would be suffered by allowing the stay is also without merit. The Magistrate Judge set forth a reasoned and thorough analysis which detailed the

various interests that would be prejudiced by the requested stay, including the public interest and the court's interest. (Order, at 6-7). Defendant Petre's argument fails to articulate how the Magistrate Judge's conclusions were contrary to law or clearly erroneous. Accordingly, Defendant Petre's argument on this issue is also denied.

For all these reasons the Court DENIES the Defendant Paul Petre's Objections (ECF No. 165) and DENIES Defendant Paul Petre's Motion for Evidentiary Hearing and Stay of Proceedings (ECF No. 120).

IT IS SO ORDERED.


                                              s/Paul D. Borman  
                                              PAUL D. BORMAN  
                                              UNITED STATES DISTRICT JUDGE

Dated: November 2, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 2, 2015.

                                              s/Deborah Tofil  
                                              Case Manager