UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
RUQIAYAH MADANY & JOHN B. COLLINS,

        Plaintiffs,

                                      Case No. 09-13693

v.

                                      Paul D. Borman
                                      United States District Judge

PAUL M. PETRE, M.D., et al.,

                                      Michael Hluchaniuk
                                      United States Magistrate Judge

        Defendants.

_____/

OPINION AND ORDER GRANTING IN PART UNITED STATES' OBJECTIONS (ECF NO.
152) AND DENYING MOTION TO QUASH THE SERVICE OF PROCESS AS TO
DEFENDANT, ESTATE OF PRAMOD RAVAL, M.D. (ECF NO. 84)

Now before the Court is the United States' Objections to Magistrate Judge Michael

Hluchaniuk's Order dated December 10, 2014. (ECF No. 152, Objection). The pertinent order

granted the motion to quash the service of process as to Defendant, Estate of Pramod Raval,

M.D. (ECF No. 149, Order). Sonal Raval filed an untimely "Response to the United States'

Objection to Magistrate Judge's Order" on January 29, 2015. (ECF No. 162). Thereafter, the

United States filed a reply. (ECF No. 168).

I. BACKGROUND

This *qui tam* action was filed in September 2009 by realtors John B. Collins and

Ruqiayah Madany against several defendants including Muhammad Shahab. (ECF No. 1). The

Plaintiffs allege claims under the False Claims Act and other civil causes of action and assert that

defendants were part of a scheme in which home health care agencies paid physicians,

marketers, and patients kickbacks to receive Medicare reimbursements, and also falsified

certifications and patient visit notes in order to secure repayment through Medicare.  This scheme was allegedly run by Muhammad Shahab who owned or operated the home health care agencies involved.  The United States intervened in part in this case on April 17, 2014.  (ECF No. 41).  On April 30, 2014, the Court ordered that the original complaint, its order, the United States' election to intervene, and all papers after that date be unsealed.  (ECF No. 43).  The United States then filed its complaint on May 14, 2014.  (ECF No. 44).

On December 15, 2013, Dr. Pramod Raval, a named defendant in the Plaintiffs' original *qui tam* action, passed away.  Dr. Pramod Raval died after being convicted in the parallel criminal case but before he was sentenced and before any restitution was ordered.  Dr. Pramod Raval also died prior to ever being served in this civil matter.

In its complaint filed in April 2014, which post-dated Dr. Pramod Raval's death, the United States did not list Dr. Pramod Raval as a defendant but rather substituted "The Estate of Dr. Pramod Raval" as a defendant.  (ECF No. 44; see also ECF No. 45, Summons).  The United States relied upon 28 U.S.C. § 2404 for the substitution which provides that "[a] civil action for damages commenced by or on behalf of the United States or in which it is interested shall not abate on the death of a defendant but shall survive and be enforceable against his estate ....".  The United States then served the summons and complaint on Sonal Raval, the widow of Dr. Pramod Raval.

On August 18, 2014, Sonal Raval moved to quash the service of process as to Defendant Estate of Pramod Raval, M.D.  (ECF No. 84).  Sonal Raval asserted in her motion to quash that because no interested party or heir had petitioned Oakland County Probate Court to administer Dr. Raval's estate "there has not been a Personal Representative appointed."  (ECF No. 84, at 2).

2

Sonal Raval then concluded that service of the summons and complaint upon her in this action were improper because she was "not the Personal Representative for the Estate of Pramod Raval, M.D." (*Id*.). She also attached an affidavit indicating that she had "not filed a Petition with the Oakland County Court to Administer [Pramod Raval's] Estate nor ha[s she] been appointed as Personal Representative for Dr. Raval's Estate." (*Id*., Aff. at ¶ 6).

Thereafter, the United States filed a response in opposition to the motion to quash and Sonal Raval filed a reply. (ECF Nos. 93, 112). Sonal Raval then filed a supplemental brief on October 28, 2014. (ECF No. 127).

Sonal Raval argued in her reply that a decedent estate in Michigan must be created according to Estates and Protected Individuals Code (EPIC), Mich. Comp. Laws § 700.1101, *et seq*., and accordingly the United States had no jurisdiction to administer Dr. Raval's estate and Sonal Raval cannot receive service of process for the Estate of Dr. Pramod Raval because she has not been appointed the personal representative by the appropriate probate court. (*See* ECF No. 112 at 2-3). Sonal Raval concluded that the proper remedy for the United States was to "file the appropriate probate petition with the Oakland County Probate Court to commence administration of Dr. Raval's estate." (*Id*. at 4). Sonal Raval, in her supplemental brief, also noted that the United States failed to properly substitute a party pursuant to Fed. R. Civ. P. 25 but had rather merely amended the complaint in this action to reflect a new party name pursuant to Fed. R. Civ. P. 15. (ECF No. 127, at 2-3).

The United States argued in response that Sonal Raval was properly served pursuant to Fed. R. Civ. P. 4(e)(2)(C) as an "agent authorized by appointment or by law to receive service of process". The United States noted that Sonal Raval did not state in her motion to quash or

accompanying affidavit that Dr. Pramod Raval did not have a will, nor did she assert that she was not the named Personal Representative under his will, rather, she merely asserted that a Personal Representative had not been appointed.  The United States concluded that it was allowed to draw an adverse inference that Sonal Raval, as surviving spouse, was in fact the personal representative under Pramod Raval's will because the information of who was the named Personal Representative was peculiarly within the knowledge of Sonal Raval (and she had not disputed that she was in fact the named Personal Representative).  (ECF No. 93, at 3-4).

Additionally, in supplemental briefing, the United States further argued that an "estate" that may be properly substituted as a defendant in an action is not limited merely to the "legal entity created by a state court of competent jurisdiction when it probates a will or appoints an administrator or executor for an intestate decedent."  *United States v. Estate of Baxter*, 568 F. Supp. 707 (D. Kan. 1983), *Id*. at 710-11.  Rather, the "estate" that may be substituted is an estate "in its broadest sense", meaning "all of the property in which the decedent had an interest at the moment of death," which has been "transferred to others either by will or by operation of the laws of intestate succession."  *Id*. at 711.  The United States concluded that either through the appointment as personal representative in Dr. Pramod Raval's will or through the law of instate succession, Sonal Raval would receive the bulk of his estate (*see* Mich. Comp. Laws § 700.2102), ergo, service upon her as Dr. Pramod Raval's surviving spouse was proper pursuant to Rule 4(e)(2)(C).

The Magistrate Judge held a hearing, took the matter under advisement, and then ordered supplemental briefing.  (*See* ECF Nos. 133, 136).  On December 10, 2014, the Magistrate Judge issued his Order granting the Motion to Quash.  (ECF No. 149).  The Magistrate Judge reasoned,

using FED. R. CIV. P. 25 for guidance, that "[a] 'representative' is 'usually either the appointed administrator or executor of the decedent's estate,' and a 'successor' is a distributee of the estate if the estate has been distributed at the time the motion to substitute is filed." (Order, at 7). Magistrate Judge then concluded that Dr. Raval's widow, Sonal Raval, was not the proper party to serve under Fed. R. Civ. P. 4 because the United States had merely surmised but had "not established that Sonal Raval is the 'representative' or 'successor' of Dr. Raval's Estate, and thus has not met its burden to show that Sonal Raval is the proper person to receive service of process on behalf of the Estate of Dr. Raval pursuant to Fed. R. Civ. P. 4." (Order, at 9).

Thereafter, the United States timely objected to Magistrate Judge's December 10, 2014 Order (ECF No. 152). Sonal Raval filed her untimely response to the Objections (ECF No. 162) and the United States file a Reply (ECF No. 168).

## II. STANDARD OF REVIEW

This Court cannot reverse a magistrate judge's opinion on a non-dispositive matter unless that decision was "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). The United States Supreme Court and the Sixth Circuit have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir 2992) (quoting *U.S. Gypsum Co.*).

The Court notes that this standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *See*

*Anderson v. City of Bessemer City., N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).  "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard."  *Haworth, Inc. v. Herman Miller, Inc*., 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)).  As a result the reviewing court must employ "independent judgment with respect to the magistrate judge's conclusions of law."  *Id.*

With this standard of review in mind, the Court now turns to the United States' objections.

## III. ANALYSIS

The United States objects to the Magistrate Judge's Order on multiple grounds including the fact that the government can "in fact establish factually that Sonal Raval is a distributee of Pramod Raval's assets, and would have done so had this issue been raised" prior to December 10, 2014 Order.  (Obj., at 3).

Sonal Raval does not respond specifically to the United States' arguments.  Rather, Sonal Raval only argues, as she did to the Magistrate Judge, that the United States cannot serve her for the reason because the United States cannot obtain personal jurisdiction over an estate without itself opening the estate for probate.  However, the Court finds that the Magistrate Judge implicitly rejected this argument in concluding that the United Stated failed to evidence that Sonal Raval was a "representative" or a "successor" of the estate; *i.e.* Sonal Raval would be the proper person to receive service on behalf of the Estate of Pramod Raval if the United States could evidence she was appointed as personal representative *or* was the distributee of the estate.

6

Significantly, Sonal Raval also does not dispute the United States' evidence or representation: (1) that Pramod Raval created a will; (2) that she is the named personal representative; and (3) that she is a distributee pursuant to the will.[1]  Indeed, the United States has presented evidence that Sonal Raval is in fact a distributee under Pramod Raval's will as they held three bank accounts jointly, all of which would have been payable to her upon his death as a matter of law.[2]  (Obj., Ex. A, ¶ 5).

As explained above, the Magistrate Judge reasoned that service upon Sonal Raval would be proper service as to the Estate of Pramod Raval if the United States could evidence that she was either the "representative" of the estate or a "successor" of the estate.  (Order, at 7-9).  Sonal Raval did not object to this conclusion, nor does the United States.  The United States has now evidenced that Sonal Raval is in fact a successor of the estate as a distributee of the joint accounts she shared with Pramod Raval.  Accordingly, the Court need not reach the issue of whether the Magistrate Judge's failure to assume Sonal Raval was the personal representative or successor of Pramod Raval's will was contrary to law.  Rather, the Court finds that the United States has successfully evidenced that Sonal Raval is in fact a distributee of Pramod Raval's Estate and therefore, Sonal Raval is the proper party to serve pursuant to Fed. R. Civ. P. 4(e)(2)(c).

---

[1] The United States notes in its objections that it has attempted to serve Sonal Raval with a subpoena for the testamentary documents of Dr. Pramod Raval *twelve different times*.  None of these attempts has been successful.  (Obj., Ex. A, ¶ 4).

[2] The United States also submits that Pramod Raval had three retirement accounts and Sonal Raval would have had to waive survivorship benefits to those accounts in writing to lose her statutory interest in them, making it unlikely that she did so.  (Obj., Ex. A, ¶ 5).

IV. CONCLUSION

For all these reasons, the Court GRANTS IN PART the United States Objections (ECF

No. 152) and DENIES Sonal Raval's Motion to Quash (ECF No. 84).

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 30, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or
party of record herein by electronic means or first class U.S. mail on October 30, 2015.


s/Deborah Tofil
Case Manager